IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SELSO G.A., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, et al., <br><br> Respondents. | Case No. 26-cv-01833-SRB-JFD |

# ORDER

Before the Court is Petitioner Selso G.A.'s ("Petitioner") Petition for Writ of Habeas Corpus. (Doc. #1.) Petitioner alleges that he is a citizen of Ecuador and a resident of Ellsworth, Wisconsin, who is currently being detained in Minnesota. Petitioner alleges he has lived in the United States since September of 2024. Petitioner alleges he was unlawfully detained on December 19, 2025, by Immigration and Customs Enforcement. Petitioner alleges he was detained without a warrant. He now requests habeas relief and his immediate release.

On March 12, 2026, the Court issued a Show Cause Order which directed Respondents "to file an answer to the petition for a writ of habeas corpus of petitioner by no later than March 16, 2026[.]" (Doc. #3, p. 1.) Respondents timely filed their response. Respondents contend that "Petitioner is currently detained by ICE pursuant to 8 U.S.C. § 1225(b)(2)(A), as Petitioner falls under the statutory definition of an 'applicant for admission,'" and acknowledge this case "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." (Doc. #5, p. 1.)

Upon review of the record and the parties' briefs, and for the reasons explained by Petitioner, the Court finds that the mandatory detention provision of § 1225(b)(2) does not apply

1

to Petitioner because he already entered and was residing in the United States at the time he was apprehended. In particular, § "1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which by its own force implies a coming from outside." *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), p. 5 (D. Minn. Jan. 8, 2026) (quotation marks omitted). Because Petitioner has been residing in the United States, he is not "seeking admission" into the United States. *Id.*

For the foregoing reasons, and the reasons stated by Petitioner, Petitioner's detention falls under § 1226 and not § 1225. Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (citing and quoting cases). "Release is an available and appropriate remedy for detention that lacks a lawful predicate." *Id.* (citation and quotation marks omitted) (cleaned up). Because Respondents have not argued the existence of, or produced, a warrant directed to Petitioner, Petitioner is entitled to habeas relief and to be released from detention.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. Respondents shall immediately release Petitioner in Minnesota, but no later than 48 hours from the date of this Order.

4. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

5. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

6. Questions about release logistics or detainee property shall be sent to StPaul.Outreach@ice.dhs.gov.

7. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

8. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

*/s/ Stephen R. Bough*
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: March 16, 2026